# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DENISE M. BROWN,**                                          **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:18-CV-70-KS-MTP**

**ALLY FINANCIAL INC.,**                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## AND ORDER TO SHOW CAUSE

On October 5, 2018, this Court entered a Memorandum Opinion and Order [30] granting Defendant's Motion to Compel Arbitration [22] of Plaintiff's claims. On July 23, 2019, Plaintiff filed a Motion to Confirm [32] a purported arbitration award in her favor in the amount of $141,164.35. In response Defendant filed its own Motion to Vacate [37] the alleged award. The Court held a hearing on November 19, 2019.

For the reasons below, the Court **denies** Plaintiff's motion [32], **grants** Defendant's motion [37], and hereby vacates the arbitration award. The Court also orders Plaintiff to show cause why she should not be sanctioned for seeking confirmation of the alleged arbitration award. Plaintiff shall file a response to this order on or before **December 24, 2019**. Defendant may then respond on or before **January 7, 2019**, and Plaintiff may reply on or before **January 14, 2019**.

*A.*     *Standard of Review*

The Federal Arbitration Act ("FAA") provides various "mechanisms for

enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *21st Fin. Servs., LLC v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)). The Court's scope of review "of an arbitration award is extraordinarily narrow." *Id.* The Court may only vacate an award if: "(1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers." *Id.* at 336 (quoting *Harris v. Parker Coll. Of Chiropractic*, 286 F.3d 790, 792 (5th Cir. 2001)). "The party challenging enforcement of the arbitration award has the burden of proof." *Id.*

### B. Lack of Notice

Defendant argues that the Court should vacate the arbitration award because it did not receive notice of the hearing. Plaintiff did not address this issue in briefing. "[A]ll parties in an arbitration proceeding are entitled to notice and an opportunity to be heard." *Id.* (quoting *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 729 (5th Cir. 1987)). Defendant has the burden of proving "the absence of actual or constructive notice" of the arbitration hearing. *Id.*

Defendant presented a sworn declaration from its authorized representative, Amika Thornton. Exhibit B to Supplemental Response, *Brown v. Ally Fin. Inc.*, No.

2

2:18-CV-70-KS-MTP (S.D. Miss. Dec. 6, 2019), ECF No. 46-2. Thornton stated that Defendant never received the purported "Notice of Arbitration Hearing" from Plaintiff or Sitcomm Arbitration Association. *Id.* at 1-2. The document itself does not demonstrate that it was ever served on Defendant, or that Defendant was otherwise made aware of the arbitration hearing. *See* Exhibit O to Response to Court Order, *Brown v. Ally Fin. Inc.*, No. 2:18-CV-70-KS-MTP (S.D. Miss. Nov. 27, 2019), ECF No. 43-16. During the motion hearing, Plaintiff only provided vague, conclusory testimony that she had mailed notice of the arbitration proceeding to Defendant. She presented no documentary evidence to corroborate her testimony. Therefore, the Court concludes that Defendant has proven that it never received actual or constructive notice of the alleged arbitration hearing, and the Court must vacate the award.

### C. *Failure to Comply with the Terms of the Contract*

Defendant also argues that the Court should vacate the award because Plaintiff did not comply with the terms of the arbitration agreement. Plaintiff did not address this issue in briefing.

First, the contract provided that Plaintiff "may choose the American Arbitration Association . . . or any other organization to conduct the arbitration subject to [Defendant's] approval." Exhibit 2 to Motion to Vacate at 44, *Brown v. Ally Fin. Inc.*, No. 2:18-CV-70-KS-MTP (S.D. Miss. Aug. 6, 2019), ECF No. 37-2. Plaintiff admitted under oath that she did not receive Defendant's approval for

3

Sitcomm Arbitration Association to conduct the arbitration. Transcript of Proceedings at 22, *Brown v. Ally Fin. Inc.*, No. 2:18-CV-70-KS-MTP (S.D. Miss. Dec. 5, 2019), ECF No. 45.

"Section 5 of the FAA expressly provides that where a method for appointment [of an arbitrator] is set out in the arbitration agreement, the agreed upon method of appointment shall be followed." *PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 263 (5th Cir. 2015). "Thus, arbitration awards made by arbitrators not appointed under the method provided in the parties' contract must be vacated." *Id.* Plaintiff did not obtain Defendant's approval of the arbitrator in compliance with the parties' agreement. Therefore, the Court must vacate the arbitration award.

The contract also provided that the "arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district court where this contract was executed." Exhibit 2 [37-2], at 44. Plaintiff resides in the Southern District of Mississippi, and the contract was executed in the Southern District of Mississippi. However, the award provides that the arbitration hearing was held in Nashville, Tennessee. Exhibit B to Motion to Confirm at 21, *Brown v. Ally Fin. Inc.*, No. 2:18-CV-70-KS-MTP (S.D. Miss. July 23, 2019), ECF No. 33-2. In the hearing of November 19, 2019, Plaintiff admitted that she had not actually attended any arbitration hearing, but that the award said that a hearing was held

4

in Nashville, Tennessee. Transcript of Proceedings [45], at 23.

An arbitrator exceeds his authority when he conducts an arbitration in a manner contrary to the arbitration agreement's forum-selection clause. *PoolRe Ins. Corp.*, 783 F.3d at 265. Therefore, the Court finds that the arbitration award should be vacated for this reason, as well.

### D. *Modification of the Contract*

Plaintiff argued in the hearing that the parties modified their contract in such a manner as to permit her to select Sitcomm Arbitration Association. She has not provided any evidence of another contract between the parties. Plaintiff apparently claims that Defendant's failure to respond to certain documents she mailed to them constitutes its assent to the terms of those documents.

"In Mississippi, the elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Bowles v. OneMain Fin. Grp., LLC*, 927 F.3d 878, 882 (5th Cir. 2019). "Silence may operate as acceptance where, because of previous dealings, the offeree has given the offeror reason to understand that silence is intended as a manifestation of assent." *R.C. Const. Co., Inc. v. Nat'l Office Sys., Inc.*, 622 So. 2d 1253, 1255-56 (Miss. 1993). Plaintiff has not provided any evidence that Defendant gave her reason to believe that its silence was intended to be a manifestation of assent to whatever documents she sent it. Therefore, there

was no modification of the parties' original contract.

## E.     *Timeliness of Motion to Vacate*

Plaintiff also argues that Defendant's Motion to Vacate [37] was untimely. The FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Plaintiff argues that she mailed a copy of the award to Defendant in April 2019, and, therefore, Defendant's motion – filed in August 2019 – is untimely.

"The three-month deadline to challenge an arbitration award is absolute, and not subject to a 'discovery rule' or 'equitable tolling.'" *Mitchell v. Franchise Servs. of N. Am., Inc.*, 2019 WL 6135058, at *4 (S.D. Miss. Nov. 19, 2019). However, the statute specifically provides that notice of a motion to vacate must be served within three months after the award is "filed or delivered." 9 U.S.C. § 12. The Fifth Circuit has not addressed this language, and the FAA does not provide a procedure for calculating the three-month time period. But district courts in the Fifth Circuit have held that the time period begins to run when the award was delivered to the party seeking vacatur or modification. *See, e.g. Am. Income Life Ins. Co. v. Alkurdi*, 2019 WL 2022220, at *2 (W.D. Tex. Apr. 25, 2019); *Adcock v. Halliburton Energy Servs., Inc.*, 2007 WL 496729, at *2 (S.D. Miss. Feb. 13, 2007); *see also Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C. Cir. 1989).

Defendant presented a sworn declaration from its authorized representative

6

providing that it did not receive any arbitration award until April 1, 2019. Exhibit 2 to Motion to Vacate [37-2], at 2. The document received by Defendant on April 1, 2019, is not even the same award that Plaintiff attached to her Motion to Confirm. *Compare* Exhibit 2 to Motion to Vacate [37-2], at 5-35, *to* Exhibit B to Motion to Confirm [33-2].[1] Therefore, the first time Defendant received the purported arbitration award that Plaintiff wants this Court to confirm was on July 23, 2019, when Plaintiff filed a motion to confirm it. Accordingly, Defendant's motion to vacate the purported award – filed about two weeks later – was timely under 9 U.S.C. § 12.

## F.     *Order to Show Cause*

This Court has the "inherent power to assess fees as sanctions when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 586, 595 (5th Cir. 2016) (punctuation omitted). "Under this test, sanctions are warranted when a party knowingly or recklessly raises an objectively frivolous argument, or

---

[1] In fact, the record contains *three* different purported arbitration awards. *See* Exhibit 2 to Motion to Vacate [37-2], at 5-35; Exhibit A to Motion to Confirm [33-2]; Exhibit Q to Response to Court's Order [43-18]. This is merely one example of many aspects of this case indicating that the purported arbitration award, hearing, and arbitrator are parts of a larger fraudulent enterprise. Several cases involving "Sitcomm Arbitration Association" have been filed in this Court. *See, e.g.* Motion to Confirm Arbitration Award, *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019), ECF No. 1; Complaint, *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019), ECF No. 1. Similar cases have been filed in other jurisdictions. *See, e.g. U. S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995 (N.D. Okla. Sept. 10, 2019). All the cases share the same "bizarre jumble of inconsistent, nonsensical word salad" presented as if it were legitimate legal argument. *Id.* at \*2. This is not this Court's first time to address this type of nonsense, s*ee, e.g. Hennis v. Trustmark Bank*, 2010 WL 3937910 (S.D. Miss. Sept. 30, 2010), and the Court warns all parties involved that it will not permit anyone to waste judicial resources by seeking enforcement of fraudulent "arbitration awards."

argues a meritorious claim for the purpose of harassing an opponent." *Id.*

The Court orders Plaintiff to show cause why she should not be sanctioned for seeking confirmation of the purported arbitration award in this case. Plaintiff shall file a response to this order on or before **December 24, 2019**. Defendant may then respond on or before **January 7, 2019**, and Plaintiff may reply on or before **January 14, 2019**.

## G. *Conclusion*

For these reasons, the Court **denies** Plaintiff's Motion to Confirm [32], **grants** Defendant's Motion to Vacate [37], and hereby vacates the purported arbitration award.

Plaintiff shall respond to the Court's Order to Show Cause on or before **December 24, 2019**. Defendant may then respond on or before **January 7, 2019**, and Plaintiff may reply on or before **January 14, 2019**.

SO ORDERED AND ADJUDGED this 10th day of December, 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE