Denise Brown
3007 Crescent Hill Drive
Laurel, Mississippi 39440
Phone: 601-613-8102
Email: browndenise696@gmail.com



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 26 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

| | |
|---|---|
| **DENISE M. BROWN,** | **PLAINTIFF** |
| v. | NO. 2:18-CV-70-KS-MTP |
| **ALLY FINANCIAL INC.,** | **DEFENDANT** |

#### Plaintiff's Response to Memorandum Opinion and Order And Order to Show Cause

1. COMES NOW, Plaintiff Denise Brown before this Court with Plaintiff's Response to Memorandum Opinion and Order and Order to Show Cause [47] to bring forth the specific reasons as to why the Plaintiff should not receive sanctions in the above referenced matter.

2. Plaintiff initiated this action in April of 2018. After the complaint was filed, Plaintiff filed a Request for Production of Documents that went ignored and unanswered by the Defendant. Defendant filed a Motion to Compel Arbitration [22] which was granted by this Court on October 05, 2019. However, prior to this Order; Defendant commenced a Replevin action in the Jones County Court, Mississippi under the guise of a completely different company name. A Statement of Account and Business Records Affidavit was filed at the lower court which the Plaintiff proved to be fraudulent.

3. Shortly after Plaintiff received the Order granting the Defendants Motion to Compel Arbitration; Plaintiff filed all of the necessary documents to commence the Arbitration Hearing. Defendants never responded to the Notice of Arbitration Hearing nor did the Defendants ever respond to the contracts that were sent to them by the Plaintiff.

## I. Application of the Federal Arbitration Act

4. The Federal Arbitration Act, (F.A.A.) 9 U.S.C. § 1-16; 201-216; and 301-316; sets out the legislative intent and framework for the enforcement of arbitration agreements and arbitration awards in the United States.[1]

5. Passed by the United States Congress in 1925,[2] the F.A.A. was intended to ensure agreements to arbitrate that involved commercial activity were valid, irrevocable and enforceable; saved upon such grounds as exist at law or in equity for the revocation of contracts.[3]

6. In 1984 the Supreme Court made clear that it was Congress intention by creating and enacting the F.A.A. that of overcoming the continuing judicial hostility toward arbitration.[4] Since that time, the Supreme Court, by its multiple decisions; implemented a 'national policy favoring arbitration.'[5] The F.A.A. requires courts to strictly enforce arbitration agreements.

7. The Supreme Court continues to hold 'that courts may only consider a party's specific challenge that the agreement was procured by fraud, any general challenge was to be decided by the arbitrator.' See: *Prima*, 388 US at 395 (1967).

   a. This is known as the 'severability doctrine,' separately the arbitration clause from the entire contract when a challenge is alleged concerning fraud claim. Thus, greatly

---

[1] 'The Arbitration Act creates a body of Federal Substantive Law...applicable to state and federal court' – Southland Corp. v. Keating, 465 US 1, 14 (1984). See also: Southland, 465 US at 10; Prima Paint Corp. v. Food & Conklin Mfg. Co., 388 US 395 (1967).
[2] Ibid.
[3] 9 U.S.C. § 1, 2; Commerce Clause; 'In enacting [The FAA], Congress declared a 'national policy' favoring arbitration and withdrew the power of the courts to call or require a judicial forum for the resolution of claims which contracting parties agreed to resolve by arbitration.
[4] Arbitration is an Alternative Dispute Resolution (ADR) process, governed by Administrative Law as prescribed & codified in the F.A.A., 9 U.S.C. § 1-16, 201-216, 301-316. The courts are limited in their ability to interfere with the parties right to contract and to utilize an arbitrator rather than a court to resolve their disputes. See Rent-A-Center, 561 U.S. at 63, 68-70 and First Option, 514 U.S. at 938, 940-944.
[5] Ibid.

curtailing the courts involvement in deciding contract challenges such as fraud and duress where a contract contains an agreement to arbitrate (id. At 402-03).

8. If two parties agree in writing to the arbitration of contract – related disputes, that agreement is always severable from the rest of the contract and is 'the only part of the agreement that a court may consider' *Buckeye Check Cashing, Inc. v. Cardegna*, 546 US 440-446 (2006). Also, "It is true, as Respondents assert, that Prima Paint Rule permits a court to enforce an arbitration agreement in a contract that an arbitrator later finds void…regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole and not specifically to the arbitration clause, must go to the arbitrator.'

9. In *Rent-A-Center, West v. Jackson* (2010), the United States Supreme Court continued to up hold the arbitrator's power to resolve contract challenges raised by parties seeking judicial review of such challenges, stating that 'the arbitrator rather than the court would decide all questions of arbitrability, including any gateway challenge's to the validity of arbitration clause is the agreement itself.[6]

10. Waivers contained in an arbitration clause, such as a party waiving any right to challenge once in default and/or agreeing to the terms of the agreement based upon conduct was not 'unconscionable,' holding that individualized proceedings are inherent and necessary elements of arbitration and do not permit blanket rules banning such provisions and/or waivers.[7]

11. The Supreme Court held that unconscionability laws in this context were invalid, this despite the fact that unconscionability is a ground that exists at law or in equity for the revocation of contracts.[8]

---

[6] Rent-A-Center, West v. Jackson, 130 S.Ct. 2772, 2779 (2010).
[7] AT&T Mobility LLC., v. Concepcion, 131 S.Ct. 1740, 1750-52 (2011).
[8] AT&T, 131 S.Ct. 1753.

12. The court held that 'we are well past the time for judicial suspicion of the desirability of arbitration and of the competence of arbitration tribunals inhibited the development of arbitration as an alternative means of dispute resolution.

13. The Supreme Court has reinforced the F.A.A.'s 'liberal policy favoring arbitration,' when considering a court's limited powers to vacate an arbitration award.[9]

14. The court has allowed and/or permitted a party claiming that they were not a party to a contract to allege grounds challenging the arbitration tribunal. The arbitration clause and contract is between the parties. If the parties have agreed to arbitration and that party is dissatisfied with an adverse judgment, the F.A.A. holds that agreement and award to be irrevocable.[10]

15. In 2008 the Supreme Court confirmed the four (4) very limited grounds listed in the F.A.A. for vacating an arbitral award and therefore subject to the vacatur under the F.A.A.:[11]

a.  Fraud by opposing party in securing the award and fraud must have all elements proved by the party raising the claim (9 U.S.C. § 10 (a)(1));

b.  The tribunal's corruption or evident partiality to one of the parties, where the contract has the party's agreeing to arbitrator, proof of actual corruption and/or partiality must be readily present by factual evidence, a hearing and opportunity to confront such evidence, present witnesses, etc., (9 U.S.C. § (a)(2);

---

[9] Hall St. Assoc., LLC v. Mattel, 552 US 576, 588 (2008). 'Noting that 'the national policy favoring arbitration,' requires just the limited review needed to maintain arbitrations essential value of resolving disputes straightaway.'
[10] 9 U.S.C. §13 (A party seeking to confirm an arbitration award is required to file with the clerk of the court) (a) copy of the agreement, the selection or appointment (in arbitration clause), if any of an additional arbitrator or umpire and each written extension of time, if any; within which to make the award; (b) the award; and (c) each notice, affidavit. Or other paper used upon an application to confirm, modify or correct the award and a copy of each order of the court upon such an application.
[11] "Under the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances." 186 L.Ed. 2d at 119.

c.      Misconduct by the tribunal in granting and/or issuing the award. This also shifts the burden of proof on the party bringing forth the claim 9 U.S.C. § 10 (a)(4);[12]

d.      That the arbitrator exceeded its powers, acted outside of the scope of the authority delegated in the arbitration agreement.

**Elements of Arbitration**

- A contract must exist, whereby the:

1.      Parties are competent.

2.      Parties agree and agreement is doable and fair.

3.      That the agreement is workable.

4.      That the parties performed a provision...

5.      That there is an expiration date.

- Unilateral contracts such as "Point & Click," "Click & Slide," whereby parties consent to the agreement by performance, after having knowledge of the agreement are cognizable under contract law.

16.     "The United States has adopted the Restatement (SECOND) of Contracts in the construction and interpretation of contracts and agreements with the United States. Stipulations are contractual in nature and subject to federal common law" – Restatement (SECOND) of Contracts § 69, 94.

- If the contract contains an arbitration clause, then the governing law is F.A.A. where commerce is an element (9 U.S.C. § 1, 2).[13]

---

[12] A party seeking to vacate an arbitrator's award under the F.A.A. "bares a heavy burden," it is not enough... to show that the (arbitrator) committed an error or even a serious error. Stolt-Nielson. SA v. Animal Feeds, Intl Corp, 559 US [662] at 671, 176 L.Ed. 2d 605, 130 S.Ct. 1758 (2010).

[13] Because the Federal Arbitration Act authorizes the federal courts to confirm arbitration awards, this gives federal courts jurisdiction to hear such matters. The F.A.A. provides that the court "must grant" [...] an order [confirming the Award] unless the award is vacated, modified or corrected as prescribed by Section 10 & 11 of 9 U.S.C.; See Hall Street Assoc., LLC, v. Mattel, Inc. 552 US 576, 170 L.Ed. 254, 261-262, 264-264, 128 S.Ct. 1396 (2008).

- If the arbitrator is named in the agreement the parties are bound by that agreement unless a party can prove one of the exceptions listed in the F.A.A. (9 U.S.C. § 10, 11).

- Any question as to arbitration, arbitration clause, the contract as a whole is delegated by the parties in the agreement, must be settled by the arbitral process as agreed by the parties to the agreement.

- The parties once notified by the arbitrator of the arbitration hearing, may waive appearance, however; the parties are bound contractually to the decision of the arbitrator.

- If an award is issued, the parties have 90 days to contest such an award as prescribed by the F.A.A. (9 U.S.C. § 7, 9). Should the parties allow and/or permit the 90 days to elapse they are then time-barred from any future challenges.

- If the right to challenge arbitration award is waived (by the agreement) and a party later breaches the provision they may be subject to a subsequent arbitration hearing and a secondary award issued concerning additional breach.

- 9 U.S.C. § 9 permits the parties to apply to the court (named in agreement) to confirm the award, at which time "the court must confirm the award."

**Conclusion**

17. The courts have continuously upheld that "Click & Slide," and "Point & Click" contracts are valid, whereby a party was notified and failed to disaffirm. This too would be a matter of contract subject to arbitration, if a prior agreement exist and acceptance is conditional.[14]

---

Judicial confirmation carries no hint of flexibility. On application for an order confirming the arbitration award, the court 'must grant' the order...There is nothing malleable about 'must grant' which tells the courts to grant confirmation in all cases, (except where one of the prescribed exceptions applies). The award that results from arbitration to which parties to a contract have bound themselves is not particularly amendable to judicial review. Oxford Health Plans, LLC v. Sutter, 569 US _, 186 L.Ed. 2d. 113, 121-22, 133 S.Ct. _ (2013).

[14] Town of Newton v. Rumery, 480 US 386, 94 L.Ed. 2d 405, 107 S.Ct. 1187 (1986): held that "voluntarily entering into a "Release Dismissal Agreements," are not per-se against 'public policy,' are interpreted under Restatement Second of Contracts, not subject to court supervision and are enforceable.'"

18. The American Arbitration Association, the F.O.R.U.M and J.A.M. each utilized by the courts and major corporations often decide on unilateral contracts, whereby the parties were duly notified (in this instance the arbitration association mails a copy of the contract, application for arbitration, proof of service, to eliminate any party's due process right being violated. No other arbitration association provides such notice. The defaulting party has ten calendar days to disaffirm, if they can definitively prove that they were never served or not notified of the initial contract. Otherwise the contractual agreement is binding.

Therefore, the following questions arise:

- Is this court stating that the contract does not contain an arbitration & commerce clause granting 'exclusive jurisdiction,' under the F.A.A? See: 9 U.S.C. § 1, 2.
- Is this court stating that the parties did not, as a matter of contract; agree with the selection of the arbitrator?
- Is this court stating that the opposing party has supplied proof, verified and sworn by affidavit; facts of law that exhibit any possibility of fraud?
- Is this court stating that the opposing party had no knowledge of contract and/or arbitration agreement prior to hearing and/or issuance of arbitration award?
- Is this court stating that the opposing party asked for an extension respecting the hearing date for arbitration and was denied?
- Is this court stating that after the opposing party was notified of the hearing, and failed to appear, that they may later challenge, although they waived such a due process right; as permitted in law and equity?

21.    The court may not aid a wrong doer. The opposing party failed to participate in the

arbitration process, after receipt of proper notification. The contract was delivered on at least two (2) occasions, is a matter of record, no specific challenge was made and thus the court is without jurisdiction to entertain challenge as the proper jurisdiction is prescribed by contract and the F.A.A.

22. The court is without jurisdiction to hear any challenge to the contract or the award due to the opposing party's waivers.

23. The court may only act within the jurisdiction mapped out for it in law, the F.A.A. is the law. The jurisdiction of the court may be challenged at any time. I do hereby challenge the court's jurisdiction and petition that the court answer these lawful questions so as to help clear up the existing confusion.

24. The aforementioned is presented in line with the Federal Arbitration Act and the contract between the parties. The arbitrator held, as ordained by the agreement's arbitration clause; that the contract is "valid," "binding," and "irrevocable" (9 U.S.C. § 1, 2).

25. The court stated, "Plaintiff has not provided any evidence that the Defendant gave her reason to believe that its silence construed as acquiescence… 'the document sent" included a "performance contract" and "notice of default opportunity to cure," which included a proof of service of a "conditional accept contract" and a "notice of default" that the court highlighted were sent (See Exhibits); "Silence is intended to be a manifestation of intent."[15]

26. The contract clause indicated that the Defendant may elect to waive notice and such waiver; as in this matter. The policy of the arbitrator is to send notice of the hearing. Merely stating that "we never received…" is not proof.

---

[15] R.C. Const. Co., Inc. v. Nat'l Office Sys., Inc., 662 So. 2d 1253, 1255-56 (Miss. 1993).

27. The F.A.A, requires a parties contract to contain an arbitration clause (subsection 1), a commerce clause (2), and that any challenges to the contract as a whole be presented to the arbitrator. (Archer v. Schein 2019). Let the record reflect that the Defendant was knowledgeable of the superseding contract, that it was irrevocable, binding, self-executing and coupled with an interest.

28. It appears that this court and the Defendant is challenging this fact as appears on page 5 line 9-11, including the final sentence on the same page all of which documents receipts of the contract and knowledge of the contract; and such challenge does question arbitrability. This topic is outside the jurisdiction of this court.

29. The court stated that "Defendant did kindly reject and/or disaffirm," however; Defendant failed to provide evidence of this fact in accordance with the agreement and the F.A.A.

30. The court claims that the burden rests on the Plaintiff to prove the existence of a contract which the Plaintiff has repeatedly provided such proof. As this verification has been provided, the court has violated due process and Plaintiff's Constitutional right.

31. Where is the intent to defraud? Where is the proof of attempt of fraud?
The F.A.A. permits the Arbitrator to be assigned per the terms of the agreement, is the court stating that the parties do not have the Constitutional right to the arbitration and the Arbitrator doesn't have the right to provide service of documents, notices, or awards to all parties?

33. Broad claims are made by many as if to circumvent the F.A.A. The court has stated that it must vacate "the award despite "proof of service" "signed and dated" containing the name of the party served, the address served, date (the dates served document(s) served, manner of service, and the name of servicer. Is the court claiming that this was not done as required by the Plaintiff via the contract and the F.A.A?

34. If so, what was the evidence? Why was the server not called to testify after the court received the two declarations of service? Is it due to the claim that the Defendant has proved "that they never received the document?" It appears not. The court appears to have a biased hostility against a company and an arbitration association. The court must not throw prejudice as noted by the Supreme Court of the United States.

35. The Supreme Court has held that "we (the courts) are well past the time for judicial decision...of arbitration tribunals as such prohibits arbitration as an alternative means of dispute resolution." *Rent-A-Center West v. Jackson.*

36. The courts suspicions are without merit, without descry, without evidence and without the F.A.A. The parties agreed that the contract is valid, irrevocable, and binding per the F.A.A. The contract delegates all disputes and arbitrability questions per the independent arbitrator (not Sitcomm Arbitration Association, as claimed), and not the court. The Defendant agreed that upon Default, the defaulting party would be estopped from collateral attacks, claims, and dispute(s) and are in further breach of the still binding agreement.

37. The contract not the court determines who the Arbitrator is or will be. 9 U.S.C. § 10-11. The court is questioning the contract as a whole "You cannot do that."
The court is only raising questions of arbitrability "You cannot do that."

38. The F.A.A. and the Supreme Court have stated that questions of arbitrability may not be rewritten by the courts. When the contract delegates to an Arbitrator all questions and disputes claimed to be decisions of the arbitrator; the court has no business. It is not the business of the court. Why is this court failing to mind court business? Rent-A-Center v. Jackson, First Option of Chicago, Shein v. Archer White. 514 US at 938, 940-944, 131 S.Ct. 1740, 1750-52 (2011); 552 US 576, 588 (2008); 480 US 386; 569 US_, 186 L.Ed 2d 113, 121-22, 133 S.Ct._2013.

39.     The show of cause order is objected as it lacks foundation basis for issuance. The court has failed to acknowledge that a "party seeking to vacate an arb award bears a heavy burden," it is not enough…to show that the arbitrator committed an error or a serious error. For all the reasons stated forth in this Affidavit, I choose to challenge the courts jurisdiction as this court is ignoring the specific rules of the F.A.A.

40.     Further, the Defendant did not file a Motion for Sanctions in this matter and the court has failed to provide the Plaintiff with specific reasons, in code or case law; as to why Plaintiff should receive sanctions.

The Plaintiff signs this Affidavit of her own free will and declares and affirms on her oath under penalty of perjury, that the statements made in this Affidavit are based upon personal knowledge and above statements are true and correct, and if any statement states is based on information and belief, Affiant believes these statements to be true.

*/s/ Denise Brown*
Denise Brown, Plaintiff

## CERTIFICATE OF SERVICE

I, Denise Brown certify that on this 23rd day of December 2019; I mailed via U.S. Postal Service, the foregoing documents entitled:

Plaintiff's Response to Memorandum Opinion and Order and Order to Show Cause, to:

United States District Court
Southern District of Mississippi
Eastern Division
701 Main Street
Hattiesburg, Mississippi 39401

Ethan Ostroff
Troutman Sanders LLP
222 Central Park Ave, Ste 2000
Virginia Beach, VA 23462

/s/ Denise Brown