IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DENISE M. BROWN,** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 2:18-CV-70-KS-MTP**

**ALLY FINANCIAL INC.,** **DEFENDANT**

## ORDER

On December 10, 2019, the Court entered a Memorandum Opinion and Order and Order to Show Cause [47]. Therein, the Court denied Plaintiff's Motion to Confirm [32] a purported arbitration award, granted Defendant's Motion to Vacate [37] the award, and ordered Plaintiff to show cause why she should not be sanctioned.

Among other things, the Court observed that the parties' arbitration agreement expressly provided that Plaintiff may choose an organization to conduct the arbitration, subject to Defendant's approval. Plaintiff admitted under oath in a hearing before this Court that she did not seek or receive Defendant's approval for "Sitcomm Arbitration Association" to conduct the arbitration.

Also, the parties' arbitration agreement provided that the arbitration must be conducted in either the federal district in which Plaintiff resides or the federal district in which the contract was executed: in this case, the Southern District of Mississippi. The purported arbitration award provides that the arbitration was conducted in Nashville, Tennessee, and Plaintiff admitted under oath that,

although she never actually attended any arbitration hearing, the award said it was held in Nashville. For both of these reasons, the Court declined to confirm the award and granted Defendant's motion to vacate it.

This Court has the "inherent power to assess fees as sanctions when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 586, 595 (5th Cir. 2016) (punctuation omitted). "Under this test, sanctions are warranted when a party knowingly or recklessly raises an objectively frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

Plaintiff filed a response [48] to the Court's Order to Show Cause, but it is largely nonresponsive. Instead of mounting some defense of her objectively frivolous attempt to convince this Court to confirm the purported arbitration award, she submitted several pages of irrelevant legal jargon, a series of interrogatories to the Court, and superfluous argument on matters already addressed in the Court's previous opinion. Plaintiff continues to frivolously argue that she modified the parties' arbitration agreement by mailing certain documents to Defendant, to which it did not respond. The Court already rejected this argument, and will not consider it further.

Therefore, the Court finds that Plaintiff has knowingly or recklessly raised objectively frivolous arguments in bad faith. She sought confirmation of a purported arbitration award rendered by an arbitrator who didn't have the authority to do so,

and her only defense is an objectively frivolous claim that she unilaterally modified the parties' contract. Moreover, as noted in the Court's previous opinion, this Court's docket contains *substantial* evidence that the arbitration award, the arbitration association, and Plaintiff's utilization of the remedies available in this Court are parts of a larger fraudulent enterprise. Numerous cases involving "Sitcomm Arbitration Association" have been filed in this Court and other courts. Another District Court described this "arbitration" process in detail, and its observations mirror what has occurred here, in relevant part. *See U.S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *4 (N.D. Okla. Sept. 10, 2019).

For these reasons, the Court believes that sanctions are appropriate. The Court awards Defendant its fees and costs incurred because of Plaintiff's frivolous attempt to gain this Court's confirmation of the purported arbitration award. This encompasses all fees and costs incurred since Plaintiff filed her Motion to Confirm [32] that would not have been incurred absent her bad faith behavior. The Court orders Defendant to submit a detailed accounting of such fees and costs, and briefing as deemed necessary, on or before **January 31, 2020**. Plaintiff must then respond on or before **February 14, 2020**, and Defendant may then reply on or before **February 21, 2020**.

SO ORDERED AND ADJUDGED this 17th day of January, 2020.

                                        /s/   Keith Starrett
                                       KEITH STARRETT
                        UNITED STATES DISTRICT JUDGE